# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

| | |
|---|---|
| 60 East 42nd Street, Suite 4510 | Telephone: (212) 317-1200 |
| New York, New York 10165 | Facsimile: (212) 317-1620 |

June 14, 2019

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

        Re: *Gonzalez et al. v. U.K. Cleaners, Inc. et al.*
           Case No. 19-cv-00068-KHP

Your Honor:

  This office represents Plaintiff Eduardo Gonzalez ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiffs and Defendants U. K. Cleaners, Inc., La Moll M & S Inc., Sook Hyun Kim and Jong Choi (the "Defendants," and together with Plaintiff, the "Settling Parties"). I apologize for being one day late with this submission.

  The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a mediation session with the court-appointed mediator, Pamela Esterman, Esq. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

  The Settling Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what he may have been entitled to if he prevailed at trial, the settlement is nevertheless fair, for the reasons stated herein.

**Background**

  The Plaintiff made the following allegations relating to the conditions of their employment.

  Plaintiff Gonzalez was employed by Defendants from approximately March 2014 until on or about November 26, 2018. From approximately March 2014 until on or about December 2014, Plaintiff Gonzalez worked at the Turtle Bay location from approximately 7:00 a.m. until on or about 6:30 p.m. to 7:00 p.m., 6 days a week (typically 69 to 72 hours per week). From approximately January 2015 until on or about December 2015, Plaintiff Gonzalez worked at the Turtle Bay location from approximately 8:00 a.m. until on or about 6:30 p.m., 6 days a week (typically 63 hours per week). From approximately January 2016 until on or about November 26, 2018, Plaintiff Gonzalez worked at the Knickerbocker location from approximately 8:30 a.m. until on or about 6:00 p.m., 6 days a week (typically 57 hours per week). Throughout his employment, Defendants paid Plaintiff Gonzalez his wages by check. From approximately March 2014 until

on or about December 2014, Defendants paid Plaintiff Gonzalez a fixed salary of $320 per week. From approximately January 2015 until on or about January 2016, Defendants paid Plaintiff Gonzalez a fixed salary of $350 per week. From approximately February 2016 until on or about November 26, 2018, Defendants paid Plaintiff Gonzalez a fixed salary of $360 per week.

Plaintiff therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants denied all of Plaintiffs' allegations of unlawful practices and policies, as well as certain factual allegations including, but not limited to, the number of hours Plaintiffs actually worked, as well as the amounts of compensation he received from the Defendants. During the course of settlement discussions and mediation, Defendants have produced the records maintained throughout Plaintiff's employment, including timecards, wage notices, and wage statements. Wage statement for each payment of wages, which indicated the amount paid by check and in cash, was signed by Plaintiff.
Plaintiff acknowledges that Defendants maintained detailed records in this case that present significant issues of fact, which would imperil Plaintiff's potential ability to recover at trial. Defendants records also indicate that Plaintiff received not just check payment but cash payment as well, a point of contention between the parties.

Nevertheless, the parties agreed on the settlement amount of $5,500 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions through a trial.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $5,500.00 which will be paid as outlined in **Exhibit A**. Plaintiff alleges that he is entitled to back wages of approximately $80,840.60. Plaintiffs estimate that, had they recovered in full for their claims based on his allegations, he would be entitled to approximately $190,055.52, which represents calculated unpaid, penalties, and interest, but excludes attorneys' fees and costs. As set forth above, however, Plaintiff anticipates a significant hardship in overcoming Defendants' documents created and preserved over the course of Plaintiff's employment, including those signed by Plaintiff himself. The parties have agreed to settle this action for the total sum of $5,500, to be paid in one lump sum. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking

Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 332 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff. Plaintiff has been represented by counsel throughout this lawsuit and have made an informed decision to settle the action prior to trial, without incurring further costs or encumbrance of trial. The Five Thousand Five Hundred Dollars ($5,500.00) that Plaintiff will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. A settlement of Plaintiff's claims at this time avoids the costs and fees involved in disputing the enforceability of the arbitration agreement Plaintiff had signed. It would also avoid, in the highly likely event the arbitration agreement is found to be enforceable, the the costs involved in proceeding to arbitration.

**Plaintiffs' Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff's counsel will receive $2,252, representing, litigation cost ($628) plus one-third of the net recovery (($5,500-$628)÷3). This represents a reduction in fees from what is identified in the Plaintiff's retainer agreements, which provides that forty percent of the Plaintiff's recovery plus costs will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiffs' amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned

speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Paul Hershan is an associate at Michael Faillace & Associates, P.C.  He graduated from Fordham University School of Law in 2012.  Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law.  Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiffs have agreed to these fees and costs by agreeing to the settlement amount.  As a result, the fees should be approved.

**Conclusion**

Plaintiffs have been represented by counsel throughout this lawsuit, and Plaintiffs' counsel has agreed to the settlement amount based on the approval of his client.  Plaintiffs' interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved.  A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiffs*

cc:   Joshua Lim, Esq. (via ECF)
      Sean Kwak, Esq. (via ECF)
      *Attorneys for Defendants*